**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFTON JEROME ROGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON WIRELESS CORP,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00658 DAD  JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE MATTER WITHOUT PREJUDICE |

　　　　Clifton Rogers initiated this action by filing a complaint on May 11, 2016, asserting that Verizon Wireless company unlawfully had him arrested, confiscated his cell phone and retaliated against him for complaining about the defendant's improper billing scheme. (Doc. 1)

　　　　As discussed below, because Verizon Wireless is not a state actor within the meaning of 42 U.S.C. § 1983, the Court finds Plaintiff fails to state a claim upon which relief may be granted, and leave to amend would be futile.  Accordingly, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the matter be **DISMISSED** without prejudice.

**I.　　Motion to Proceed In Forma Pauperis**

　　　　As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed *in forma pauperis* be **DENIED** because, as discussed below, the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent

standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). When factual allegations are well plead, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Discussion and Analysis**

Plaintiff asserts his right against cruel and unusual punishment was violated by Verizon

Wireless who, on April 10, 2016 "had [him] falsely imprisoned" by "blatantly lieing to Bakersfield Police officers in their citizen's arrest report" and for refusing to call an ambulance after Plaintiff report to store staff that his blood pressure was elevated. (Doc. 1 at 3)  Plaintiff also claims that Verizon has been deprived him of "free and ready access to the courts system" because defendant confiscated his cell phone.  Id. at 5.  Plaintiff claims that this precludes him from making telephonic court appearances in Monterey County.  Id.  Finally, Plaintiff claims Verizon "severly denigrated" his due process rights by retaliating against him for complaining that Verizon attempting to "charge him double for his phone bill." Id. at 6.  For these claims, Plaintiff seeks damages in the amount of $4.5 million.

Title 42, section 1983 of the United States Code  "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

Plaintiff's complaint concern actions taken by Verizon Wireless. This company is not a state actor for purposes of Section 1983.  Thus, though Plaintiff may be able to state claims against this defendant, he may not do so under the United States Constitution nor may he bring these claims in federal court.

**V.     Findings and Recommendations**

Because Verizon Wireless did not act under color of state law as to the claims raised by Plaintiff, he is unable to state a claim for a violation of his civil rights pursuant to 42 U.S.C. §1983. Consequently, leave to amend to amend would be futile.  *Lopez*, 203 F.3d at 1130 (dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on

the facts alleged).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED**;
2. The matter be **DISMISSED** without prejudice;
3. The remaining motion be terminated as moot; and
4. The Clerk of Court be **DIRECTED** to close the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 13, 2016**             **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE